IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JULIE NONEMACHER and
THOMAS H. NONEMACHER,

        Plaintiffs,                                    ORDER

       v.                                             11-cv-632-slc

RAIN & HAIL, LLC,

        Defendant.
_____

In this civil diversity action, plaintiffs Julie and Thomas Nonemacher allege that under the insurance contract held with defendant Rain & Hail, LLC, they are entitled to damages and losses sustained as a result of their inability to plant crops due to adverse weather. Although Rain & Hail has filed a motion asking the court to confirm the arbitration award entered in its favor in this case, I cannot resolve the motion until the parties show that the court has jurisdiction. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006) (the first question in any lawsuit is whether court has subject matter jurisdiction and court has independent obligation to determine whether it exists); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) (same).

The Nonemachers filed their lawsuit in state court, but Rain & Hail removed it to this court. Dkt. 1. As a basis for jurisdiction, Rain & Hail cited 28 U.S.C. § 1332, which requires a diversity of citizenship between the plaintiffs and defendant and an amount in controversy greater than $75,000. Diversity of citizenship must be complete, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Because Rain & Hail removed the case, it has the burden of proof on this issue.

Rain & Hail alleged that it is organized and has a principal place of business in Iowa, that plaintiffs are citizens of Wisconsin and that plaintiffs are seeking indemnity in the amount of $49,858 plus an unspecified amount of damages for bad faith (including punitive damages and attorney fees). Dkt. 1. This information is lacking in a few respects: first, although the allegation that plaintiffs are citizens of Wisconsin sufficed for the notice of removal, this court has an independent obligation to ensure that diversity exists prior to deciding the merits of the case. In their complaint, plaintiffs alleged that they were residents of Wisconsin. "Residence" and "citizenship" are not the same thing for the purpose of determining diversity jurisdiction. *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona-an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges."); *Meyerson v. Harrah's East Chicago Casino*, 299 F .3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). To establish citizenship, the proponent of jurisdiction, in this case Rain & Hail, must show where each individual is domiciled, that is, where he or she intends to live for the foreseeable future. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

Second, the citizenship of a limited liability company is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Because neither party has alleged the citizenship of the

members of Rain & Hail, the court cannot determine whether the parties are diverse. Accordingly, I will give Rain & Hail an opportunity to file supplemental materials (affidavits or a stipulation would do) to meet its burden.

Therefore, IT IS ORDERED that Rain & Hail has until April 9, 2012 to submit verification of the citizenship of the Nonemachers and each of the members of Rain & Hail. Failure timely to submit the required information could result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 30th day of March, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge